SPAFFORDS (WOODWORTH v.). See Case No. 18,020.

SPAIN v. The CONCEPTION. See Case No. 3,137.

SPAIN, CONSUL OF, v. CONSUL OF GREAT BRITAIN. See Case No. 3,138.

___

## Case No. 13,199.

### SPAIN et al. v. GAMBLE et al.

[1 MacA. Pat. Cas. 358.]

Circuit Court, District of Columbia. Jan., 1854.

PATENTS — INTERFERENCE PROCEEDINGS — INDEPENDENT INVENTORS—EQUIVALENTS—SWITCHES FOR RAILWAY DRAWBRIDGES.

[1. The fact that an invention is original with the applicant, that he had no notice of prior invention by others, is not sufficient to entitle him to a patent. A patent will issue only to the first original inventor.]

[2. A rod is the known equivalent of an endless chain in machinery, where it can be used for the same purpose and effect.]

[3. Where each of two parties claim to be the first inventor of a machine, and the hearing is upon an interference between them, it is unnecessary to consider whether the machine of one party is superior in form and contrivance to that of the other, or is an improvement thereon.]

[This was an appeal by Edward L. Spain and Isaac Fox from a decision of the commissioner of patents in an interference proceeding, awarding priority to William P. Gamble and John K. Gamble, in respect to an invention relating to safety switches for railroad drawbridges.]

Wm. W. Hubbell, for appellee.

MORSELL, Circuit Judge. The commissioner having decided that the claims in this case were interfering claims, the parties were, according to the rules of the office, allowed to take their testimony and produce all their proofs before him for the trial of the issue before him at a day and place of which they were duly notified; and the same being, with the arguments, duly submitted, the commissioner, on the 16th of June, 1854, determined that, upon an examination of the testimony in this case, it appeared that the said J. K. and W. P. Gamble were the first inventors of the subject-matter of the present interference; that a patent would therefore be granted to them unless an appeal from that decision was taken on or before the second Monday in July then next. The appeal being duly taken, several reasons of appeal were filed, the substance of which appears to be as follows: The first brings into question the truth of what is stated on the part of the appellee by his witnesses as to the time (one day) in which they state that the invention was projected and perfected. This is said to be impossible, being the case of an invention where the mechanism is involved, and where appellees were not acquainted with mechanics. Second and third, that they (the appellants) have proved by their testimony that their discovery was as early as the 15th of May, 1853, and by their own oath as early as the 10th of May, 1853, by which time their invention was perfected and profiles drawn, and that it is superior in movement, simplicity, and durability to that of the Messrs. Gamble. Fourth, that their invention is superior to that of the appellees in the manner in which the connections are made with the switch for moving it by a metallic rod adjacent to the rail, resting on the same sleepers and above ground, with a screw fixture for adjusting the same, while the appellees's device is placed beneath the track in the road between the rails, moved by cog-wheels and chains, which are liable to sway and give, and are not to be relied upon with the same safety as a rod. Fifth, the expense of construction of appellees' device is considerably more than that of appellants'. Sixth, appellees' specification calls for a draw-bridge, while appellants' is for railroad draw, pivot action.

The claim of the appellants set forth in their specification as new and as their own invention is the self-acting or automatic operation of the whole, and the mutual dependence of the one part on the other, and the apparatus for keeping the switches secure in their place after their adjustment to the siding, so as to form a safety draw-bridge, having for its object the security of the passengers and trains in all positions of the draw.

The appellees state in their specification that the nature of their invention consists of combining and arranging the switch-rail

and inclined siding with the draw-bridge, whereby the switch-rails can be unlocked and moved in connection with the inclined siding, and locked simultaneously with the slightest opening of the draw, and again unlocked and thrown in connection with the main track, and locked simultaneously with the closing of the draw, or at the moment it is entirely closed. This combination and arrangement of contrivances, it must be evident, render the draw-bridge perfectly safe. Said arrangement in every respect is self-adjusting. They also say: "What we claim as our invention, and desire to secure by letters-patent, is the contrivances herein described or their equivalents, so arranged and combined as to constitute a safety railroad draw-bridge, substantially as set forth."

The commissioner has laid before the judge his decision in writing, with the original papers and the evidence in the cause, and the same has been submitted by the parties on written argument. I have given the case a full consideration, and will state my opinion on the various points made by the reasons just alluded to.

The ground stated in the first reason does not appear to me to be correct in point of fact. The witness John Gamble, Sr., states that on the evening of the 6th of May, 1853, his son, J. K. Gamble, one of the appellees, came into the counting-house of the deponent and handed him a newspaper to read, in which the accident to the cars at the Norwalk draw-bridge on the day before was stated; that while he was reading it John Gamble and William P. Gamble conversed together, and commenced making rough drawings with chalk upon the counter in reference to this matter, and thought that they had discovered some plan whereby such accidents might be avoided. On the following day they were drawing up the papers he had before referred to—Exhibit B. (This Exhibit B appears to be similar in its appearance and principles to the drawing filed in this cause.) The drawing was completed on the 7th of May, and, with the written specification attached thereto in the handwriting of John K. Gamble, was drawn up and read to him on the 9th of May, 1853, and was sent on the 10th to Munn & Co. to prepare the proper drawings and papers for the patent office. In these facts he is corroborated by Robert B. Gamble, another witness produced on the part of the appellees. Nothing is said by them as to the time within which the model was constructed. They are unimpeached, credible witnesses, and I can perceive no sufficient reason to doubt the truth of what they have stated to have been done.

If, then, this testimony is to be believed, it proves the invention of the appellees to have been discovered by them on or before the 9th of May, 1853. The appellant's witnesses do not prove theirs to have been before the 10th of May, several days, of course, subsequent to that of the appellees. The points raised by the second, third, fourth, and fifth reasons appear to be, first, that the invention of the appellant was original, and that they had no notice of that of the appellees; but this is not sufficient to entitle them to a patent, as the law requires that they should not only be original, but the first original inventors; second, that the construction of their machine is different and superior to that of the appellees. It is true there is a difference in the position and in respect to the rod and the pin in the self-adjustment of the switch in connection with the draw-bridge, according to their contrivance, and the endless chain and lock of the appellees; but it has been properly said by the appellees' counsel that a rod is the known equivalent of an endless chain in machinery, where it can be used for the same purpose and with like effect. Therefore, according to principles of patent law, they are not substantially different. With respect to the pin or lock in the adjustment of the switch, there does not appear any material advantage of the pin over the lock for the purposes of their design. Whether the appellant's machinery in form and contrivance is superior to or an improvement upon the invention of the appellees, and upon that ground entitled to a patent if the claim had been presented in a different shape or not, it is not necessary for me to decide upon the present aspect of the case.

I am therefore of opinion that the decision of the commissioner on each of the grounds stated by him is correct, and ought to be affirmed, and the same is accordingly hereby affirmed.

The patent issued to J. K. and W. P. Gamble (No. 13,258) July 17, 1855.